IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>MARY V. CARPENTER,<br>    Debtor | )<br>)<br>)<br>) |
| MARY V. CARPENTER,<br>    Plaintiff,<br>  v.<br>US BANK, NATIONAL ASSOCIATION and<br>FIVE BROTHERS DEFAULT MANAGEMENT<br>SOLUTIONS,<br>    Defendants. | )<br>)<br>) Civil Action No. 12-21<br>) Adversary No. 11-2252-TPA<br>) Bankruptcy No. 11-20896-TPA<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM

Gary L. Lancaster,                                       November 30, 2012
Chief Judge.

       This is an action in bankruptcy. Plaintiff, Mary Carpenter, is the chapter 13 debtor in the above-referenced bankruptcy case. She filed this adversary proceeding alleging that defendant Five Brothers Mortgage Company Services and Securing, Inc. ("Five Brothers"), acting as agent for defendant US Bank, N.A. ("US Bank"), unlawfully engaged in self-help after she defaulted on her mortgage. She seeks $163,000 in compensatory and punitive damages.

       Carpenter has filed a motion to withdraw the reference of this adversary proceeding. [Doc. No. 1]. She claims that withdrawal is appropriate because five of her seven counts are

"non-core" claims arising from state law, because she demanded a jury trial on those claims, and because withdrawal would be efficient, timely, and would avoid forum shopping.

If the motion is denied, she has requested two forms of alternative relief: first, that we direct the bankruptcy court to try her Title 11 claims and submit proposed findings of fact and conclusions of law to this court on the remaining state law claims; or second, that we direct the bankruptcy court to conduct all pretrial proceedings and notify this court when the case is ready to be tried. For the reasons that follow, we grant Carpenter this final form of relief.

I.   BACKGROUND

Carpenter is a chapter 13 debtor. She alleges that after she fell behind on her mortgage, representatives of Five Brothers broke into her house while she was out, changed the locks, and removed all of her personal property, including two vehicles. A representative of Five Brothers later told her that this course of conduct was the result of a mistake.

After Five Brothers took these actions, US Bank filed a foreclosure complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, on January 11, 2011. Carpenter responded by filing for chapter 13 protection on February 18, 2011. Thereafter, she brought this adversary proceeding. Her

complaint asserted Pennsylvania state law claims for conversion, trespass, malicious abuse of process, invasion of privacy, and intentional infliction of emotional distress. The bankruptcy court dismissed Carpenter's original adversary complaint, without prejudice, for lack of subject matter jurisdiction because it contained only state law claims. Carpenter then amended the complaint to add counts seeking turnover of estate property and alleging a violation of the automatic stay. About two weeks after filing this amended complaint, Carpenter filed the instant motion to withdraw reference. After she filed her motion to withdraw the reference, US Bank filed a motion to dismiss the amended complaint, arguing that the bankruptcy court still lacked subject matter jurisdiction and that Carpenter had not stated a claim upon which relief could be granted. That motion is still pending at the bankruptcy court.

US Bank opposes withdrawing the reference, arguing that the motion is not timely and that Carpenter's punitive damages are being improperly used to meet the amount in controversy threshold of 28 U.S.C. § 1332. However, US Bank does not oppose allowing the bankruptcy court to submit proposed findings of fact and conclusions of law to this court as a means

of avoiding the constitutional problems brought to light in Stern v. Marshall, __ U.S. __, 131 S. Ct. 2594 (2011).[1]

## II. STANDARD OF REVIEW

The district court has original, but not exclusive, jurisdiction over all bankruptcy proceedings. 28 U.S.C. § 1334(b). The bankruptcy court exercises such jurisdiction under a standing order of reference, as provided by 28 U.S.C. § 157(a). Once a Title 11 proceeding has been referred to the bankruptcy court, the district court's authority to withdraw the reference is governed by 28 U.S.C. § 157, which provides for both mandatory and permissive withdrawal. Under section 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Withdrawal from the bankruptcy court is mandatory where the district court determines that resolution of the proceeding requires consideration of both Title 11 and other

---

[1] In Stern, the United States Supreme Court held that a bankruptcy court is not constitutionally permitted to enter a final judgment on state law counterclaims unrelated to a ruling on a creditor's proof of claim. Stern v. Marshall, __ U.S. __, 131 S. Ct. 2594, 2620 (2011).

4

federal laws. The instant case does not raise issues related to mandatory withdrawal.

Withdrawal from the bankruptcy court is permissive under the statute "for cause shown." The party moving for withdrawal, in this case Carpenter, bears the burden to show cause. In re NDEP Corp., 203 B.R. 905, 907 (D. Del. 1996). Although the phrase "for cause shown" is not defined in the statute, the United States Court of Appeals for the Third Circuit has set forth five factors that a district court should consider in determining whether "cause" exists for discretionary withdrawal. These factors include: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) the timing of the request for withdrawal. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990).

The district court should also consider whether the parties have requested a jury trial. Bankruptcy courts cannot conduct jury trials without the consent of all parties. 28 U.S.C. § 157(e). However, merely asserting a Seventh Amendment right to a jury trial is not of itself sufficient cause to justify discretionary withdrawal. In re Northwestern Inst. of Psychiatry, Inc., 268 B.R. 79, 84 (Bankr. E.D. Pa. 2001).

It is also important to determine whether the action sought to be withdrawn is a core or non-core proceeding as contemplated by 28 U.S.C. § 157(b)(1). While the bankruptcy courts have jurisdiction to hear both core and non-core matters, the scope of the bankruptcy court's authority differs for each. A bankruptcy court may issue final orders and judgments in core matters. 28 U.S.C. § 157(b)(1). In non-core matters, the bankruptcy court's power is circumscribed. It may not issue final orders. Instead, it must submit proposed findings of fact and conclusions of law to the district court for de novo review. 28 U.S.C. § 157(c)(1).

A proceeding is core "if it invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could only arise in the context of a bankruptcy case." CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 196 (3d Cir. 1999). A core proceeding "must have as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment although of necessity there may be peripheral state law involvement." In re Mex. Farms, 2011 Bankr. LEXIS 1125 (Bankr. D. Md. 2011) (internal quotation omitted).

III. DISCUSSION

Carpenter has moved to withdraw the reference on the basis that the core claims are intertwined with non-core state law claims on which she has demanded a jury trial, and that withdrawal will promote judicial efficiency and avoid forum shopping. We find that withdrawal is not appropriate at this time. However, we direct the bankruptcy court to conduct pretrial proceedings and notify the court when the case is trial ready.

A. Core/Non-core

Determining whether a proceeding is core or non-core is important in ruling on a motion to withdraw reference. Bankruptcy courts have broad authority to adjudicate core proceedings, but their authority over non-core matters is very limited. According to the court of appeals, a proceeding is core "if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." CoreStates Bank, 176 F.3d at 196 (internal quotation omitted). In other words, a core proceeding would not exist independently of a bankruptcy proceeding. Hatzel & Buehler, Inc. v. Orange & Rockland Utils., Inc., 107 B.R. 34, 40 (D. Del. 1989).

Here, the core and non-core claims are intertwined. The first two counts of Carpenter's amended complaint, i.e., for

7

turnover of property of the estate and for violation of the automatic stay, are rooted directly in the Bankruptcy Code and therefore are core. However, the remaining five counts are state law claims that exist independently of the bankruptcy proceedings and require adjudication of state law issues of tort, agency, and remedies. However, their factual predicate is the same as that of the core claims and therefore they should be managed through trial in conjunction with the core claims.

    B.    <u>Jury Demand</u>

Carpenter has requested that the reference be withdrawn in part because she has made a jury demand on her state law claims. However, the possibility that a jury trial might be held in the future does not require that the reference be immediately withdrawn. A district court may deny a motion to withdraw until the case is "trial ready." <u>In re Northwestern</u>, 268 B.R. at 84.

This reasoning is well-founded, as there is little difference between a jury trial and a bench trial until the time of trial itself. The bankruptcy court is closer to the parties and the facts underlying this case, and is well-suited to conduct pretrial proceedings. Allowing the bankruptcy court to conduct such pretrial proceedings does not infringe on Carpenter's right to a jury trial.

The jury demand thus does not prevent us from finding it appropriate to allow the bankruptcy court to proceed with pretrial discovery and proceedings at this time.

C.  Pruitt Factors

The five factors designated by the Court of Appeals weigh against withdrawal of the reference at this point in the proceeding, but in favor of directing the bankruptcy court to conduct all pretrial proceedings and certify when the case is trial ready.

First, the promotion of uniformity of bankruptcy administration weighs in favor of allowing the bankruptcy court to conduct pretrial proceedings. The bankruptcy court is, of course, already familiar with the parties and the circumstances underlying their relationship. To the extent the core bankruptcy claims asserted in the adversary complaint may be disposed of as a matter of law prior to trial, such claims are within the court's particular expertise and uniformity of administration would encourage us to allow the bankruptcy court to adjudicate them.

Although there is no evidence of forum shopping, both defendants seek to have the bankruptcy court hear the proceeding, subject to de novo review. Although Carpenter is within her rights to ask for a jury trial at this juncture, her

desire to have the case moved to this court does indicate that she feels the district court will provide a friendlier forum. This factor weighs slightly against withdrawal.

The most economical use of debtor/creditor resources would be to allow the parties to try the adversary proceeding in the court in which the bankruptcy itself is already pending. The bankruptcy court's familiarity with the case will prevent the parties from having to re-familiarize a new court with background issues. Discovery may even overlap with other issues in the proceeding, particularly as it relates to US Bank's and Carpenter's rights and obligations under the mortgage. Similarly, the bankruptcy process will be expedited by affording the bankruptcy court control over the proceeding and avoiding concurrent litigation.

Carpenter initially moved for withdrawal in the bankruptcy court within 13 days of the filing of the amended complaint and her motion appears to be timely. See, e.g., Scharffenberger v. United States (In re Allegheny Health Educ. & Res. Found.), No. 06-1469, 2006 WL 3843572 at *2 (W.D. Pa. Dec. 19, 2006); (finding no binding precedent about when a motion to withdraw is timely); Off. Comm. Of Unsecured Creds. v. Amlicke (In re VWE Group, Inc.), 359 B.R. 441, 446 (S.D.N.Y. 2007) (motion timely when made "as soon as possible after the moving party has notice of the grounds for withdrawing the reference")

(internal quotation omitted). This factor weighs in favor of withdrawal.

Overall, the five factors suggest that not withdrawing the reference at this time is the proper course of action. However, Carpenter's right to a jury trial must be preserved. Therefore, the bankruptcy court is directed to conduct all pretrial proceedings, and to notify this court when the case is ready to proceed to trial.

IV. CONCLUSION

For the foregoing reasons, the relief sought in paragraph 15(b) of plaintiff's Motion to Withdraw the Reference of Mary Carpenter will be granted, while the remainder of the relief sought will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: )<br>MARY V. CARPENTER, )<br>    Debtor )<br>_____ )<br>)<br>MARY V. CARPENTER, )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>US BANK, NATIONAL ASSOCIATION and )<br>FIVE BROTHERS DEFAULT MANAGEMENT )<br>SOLUTIONS, )<br>    Defendants. ) | Civil Action No. 12-21<br>Adversary No. 11-2252-TPA<br>Bankruptcy No. 11-20896-TPA |

## ORDER

AND NOW, this 30 day of November, 2012, for the reasons set forth in the accompanying memorandum, IT IS HEREBY ORDERED that the motion to withdraw the reference of this adversary proceeding is GRANTED in part and DENIED in part. The bankruptcy court is directed to conduct all pretrial proceedings, and to notify this court when the case is ready to proceed to trial.

IT IS FURTHER ORDERED that, until such time as the Bankruptcy Court advises this court that the case is ready to proceed to trial, and in lieu of a stay of this matter, the Clerk of Court shall mark this case administratively closed. Nothing contained in this order shall be considered a dismissal or disposition of this matter.

BY THE COURT:

_____, C.J.

cc: Honorable Thomas P. Agresti
    All Counsel of Record